UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIRVANA CAPITAL LIMITED, et al.,<br>Plaintiffs,<br>v.<br>MOBILE GAMING TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 18-cv-07483-PJH<br><br>**NOTICE**<br>Re: Dkt. No. 17 |

On February 15, 2019, defendants filed a motion to compel arbitration that is currently pending before this court. Dkt. 17. Plaintiffs filed an opposition on April 1, 2019, and defendants replied on April 12, 2019. Dkts. 22–23. A hearing on the motion will take place on May 1, 2019.

The parties dispute whether defendants, who are not signatories to the arbitration agreement alleged in this action, can compel plaintiffs to arbitrate pursuant to that agreement. Defendants rely on Amisil Holdings Ltd. v. Clarium Capital Management, 622 F. Supp. 2d. 825 (N.D. Cal. 2007) and other pre-2009 federal cases to argue that the arbitration agreement is enforceable based on equitable estoppel. Dkt. 17 at 5–6; Dkt. 23 at 5–6. They also rely on California state cases addressing when that state's agency law permits a nonsignatory to enforce a contract. Dkt. 23 at 6. Plaintiffs cite pre-2009 federal cases when discussing whether the arbitration agreement is enforceable under a theory of agency, and when discussing equitable estoppel they rely primarily on Murphy v. DirecTV, Inc., which "examine[d] the contract law of California to determine whether . . . a nonsignatory . . . may seek arbitration under the theory of equitable estoppel." 724 F.3d

1218, 1229 (9th Cir. 2013).

The parties appear to assume that either California state contract law or federal common law governs whether the alleged arbitration provision is enforceable. None of the parties discusses what law governs the question, or why.

The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has clarified that "[s]tate law, therefore, is applicable to determine which contracts are binding under § 2 and enforceable under § 3 *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally. Because 'traditional principles' of state law allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel," arbitration agreements can be enforced against nonsignatories "[i]f a written arbitration provision is made enforceable against (or for the benefit of) a third party under state contract law[.]" Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630–31 (2009) (internal citations and quotation marks omitted); id. at 631 n.6 ("where state law permits it, a third-party claim is 'referable to arbitration under an agreement in writing'"); accord Kramer v. Toyota Motor Corp., 705 F.3d 1122, 1130 n.5 (9th Cir. 2013) ("the United States Supreme Court clarified that a litigant who is not party to an arbitration agreement may invoke arbitration if the relevant state contract law allows the litigant to enforce the agreement"). Following that decision, the Ninth Circuit reviewed its precedent, rejected reliance on "federal equitable estoppel cases" and "federal common law," and held that courts must "look[] directly to applicable state law" under Arthur Anderson. Kramer, 705 F.3d at 1130 n.5. Accordingly, "a litigant who is not party to an arbitration agreement may invoke arbitration if the relevant state contract law allows the litigant to enforce the agreement[.]" Id.

Here, the contract provides that "the Agreement and any dispute or claim arising out of or in connection with their subject matter or formation (including non-contractual

2

1 disputes and claims) shall be governed by and construed in accordance with Guernsey
2 law." Dkt. 1 at ECF p. 36 ¶ 17.1.
3   The parties have not addressed this provision of the contract or what effect it has
4 on their dispute, if any. Nor have they addressed whether or how Guernsey law allows a
5 nonsignatory to enforce a contract.
6   The parties should be prepared to discuss these issues at the hearing.
7 Specifically, the parties should be prepared to address what substantive law governs the
8 defendants' ability to enforce the alleged arbitration agreement following <u>Arthur Anderson</u>
9 and <u>Kramer</u> and whether the choice of law provision is controlling on this question.

**IT IS SO ORDERED.**

Dated: April 23, 2019

PHYLLIS J. HAMILTON
United States District Judge